IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2016 Session

## LEANN BARNES v. DAVID ELLETT BARNES

**Appeal from the Chancery Court for Bedford County**
**No. 27833     J. B. Cox, Chancellor**
_____

**No. M2015-01254-COA-R3-CV – Filed October 14, 2016**
_____

This appeal comes before us a second time.  In the first appeal, we affirmed in part and reversed in part the judgment of the trial court and remanded the case for the trial court to determine the manner in which to divide the marital estate given the adjustments we made and the nature of the marital assets; we also vacated the trial court's amended order modifying the original award of alimony and reinstated the original award.  On remand, the court entered an order providing that the Wife's interest in Husband's 401K Plan would be increased in the amount of the adjustments ordered by this court, to be made pursuant to the Qualified Domestic Relations Order which was also entered by the court; the court awarded Wife a judgment for the difference in the alimony awarded in the original decree and that paid by Husband pursuant to the amended decree.  In this appeal, Wife challenges the trial court's compliance with this court's instructions.  We find that the orders entered by the court comply with the instructions of this court as to the division of the marital estate; we modify the order relating to the award of alimony to specifically state the amount and type of alimony awarded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

LeAnn Barnes, Murfreesboro, Tennessee, Pro Se.

Daryl M. South, Murfreesboro, Tennessee, for the appellee, David Ellett Barnes.

This is the second appeal of a post-divorce proceeding involving LeAnn Barnes ("Wife") and David Barnes ("Husband"), who were divorced by order entered August 26, 2011. In the first appeal, *Barnes v. Barnes*, M2012-02085-COA-R3-CV, 2014 WL 1413931, (Tenn. Ct. App. Apr. 10, 2014), perm. app. denied (Sept. 18, 2014), Wife sought review of the valuation and division of the marital property, the award of alimony to her, and the denial of her request for attorneys' fees. As to the division of marital property, we determined that the court erred in the valuation of Husband's dental practice and in charging Wife with receiving $57,000 in marital property, reversed those portions of the order, and adjusted the division accordingly; we remanded the case for the court to determine whether, in equalizing the division of the marital estate "it is appropriate to further adjust the parties' shares of the retirement accounts or to make some other award." *Barnes,* 2014 WL 1413931 at \*17. As respects the award of alimony, we vacated the portion of an amended order which had modified and reduced the original award from alimony *in futuro* of $6,000 per month to rehabilitative alimony of $4,300 per month for a period of four years; we reinstated the original award. We affirmed the trial court's denial of an award of attorneys' fees to Wife. Husband's application for permission to appeal was denied and the mandate issued on September 18, 2014.

On remand, following a hearing, the court entered an order awarding Wife an additional $28,975.50 based on the revaluation of the dental practice, and an additional $57,000 for the reduction of Wife's portion of the estate set forth in the amended order; both amounts were to be paid pursuant to a Qualified Domestic Relations Order ("QDRO"). The court also awarded $49,300 as the accumulated alimony arrearage to be paid within 30 days of the entry of the order.

Wife appeals the order entered on the issues remanded, contending that the court failed to fully comply with the mandate.

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

**DISCUSSION**

A.  Division of Marital Property

In her brief on appeal, Wife devotes considerable argument to matters occurring prior to the first appeal.  Any attempt to relitigate these matters is precluded by the law of the case doctrine. *See Memphis Pub'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) ("[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal.").  The sole question before us is whether the trial court did as instructed.

In the first appeal, we disposed of the division of marital property issue and instructed the trial court as follows:

> In conclusion, the trial court's division of marital property is affirmed on all issues with the following exceptions.  We find that the dental practice should not have been reduced by 15%, or $57,951, due to lack of marketability, and we hereby adopt the value reached by the trial court prior to the marketability reduction, which was $386,343.  Because this results in Husband having received an additional $57,951 in marital property, Husband should convey to Wife an amount equal to one-half of that amount, and the trial court should consider on remand how to compensate Wife in this regard.  We also find that the trial court erred in amending its original order to charge Wife with the receipt of $57,000 in marital property during the divorce proceedings and to eliminate the $15,000 equity interest it originally attributed to Husband in the division of marital property.  *On remand the trial court should determine how to equalize the division of the marital estate considering these two adjustments, meaning, whether it is appropriate to further adjust the parties' share of the retirement accounts or to make some other award.*

(Emphasis added).

On remand, the trial court held a hearing at which counsel for both parties as well as a Mr. Hartley, identified as the person who had been "in charge" of the parties' retirement accounts for over 15 years, addressed the court; no testimony or other proof was offered.  On May 4, 2015, the court entered an order, approved by both counsel, addressing our instruction relative to the marital property thusly:

> 1.  Pursuant to the determination of the Appellate Court, the wife is awarded an additional sum of $28,975.50 from the marital estate due to the Appellate Court's determination as to the proper valuation of the dental

3

practice. Wife is to receive said sum pursuant to the entry of a proper qualified domestic relations order. The wife's award pursuant to the QDRO shall entail any increase or decrease in said sum from the date of the original divorce decree.

2. Pursuant to the determination of the Appellate Court, the reduction to wife's portion of the marital estate in the sum of $57,000 pursuant to the amended and modified final decree as entered June 12, 2012 is reversed, and the wife is awarded the additional sum of $57,000 from the marital estate. Wife is to receive said sum pursuant to the entry of a proper qualified domestic relations order. The wife's award pursuant to the QRDO shall entail any increase or decrease in said sum from the date of the original divorce decree.

On June 4 the court entered a QDRO which adjusted Wife's interest in Husband's 401K Plan to $332,552. The order notes that the sum "incorporates all gains from [Wife's] shares since entry of the final decree of divorce. This assignment is effective as of June 1, 2015. . . . [Wife's] interest shall be satisfied by transferring such shares and interest to a separate account under such plan on behalf of [Wife]." Significantly, section 10 of the Order provided that "[t]he court reserves jurisdiction over the parties and the subject matter to amend this order to establish and maintain its status as a QDRO under ERISA and the Code."

In her brief on appeal, Wife does not explain how the QDRO entered June 4, 2015 fails to comply with the mandate; upon our review, we hold that it does comply, and her argument to the contrary is not well taken. In any event, to the extent there may be some deficiency in the implementation of the order, the trial court has retained jurisdiction to address the same.

B. Alimony

Wife next asserts that the trial court only addressed the alimony award "by awarding the wife accumulated alimony in arrearage of $49,300, but did not address or record the alimony award as it was reversed by the Court of Appeals." Wife correctly points out that the May 4, 2015 order does not specifically set alimony *in futuro* of $6,000 per month[2]; accordingly we modify and amend the order to so provide. Again, in the event Husband has not complied with the mandate reinstating the original alimony award, the trial court is available to address any arrearage since the date of remand.

---

[2] The trial court did enter an order requiring the Clerk and Master to spread the mandate, judgment, order and opinion of this court onto the minutes of the Chancery Court.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, as modified and this case is remanded for entry of judgment consistent with this decision.

_____

RICHARD H. DINKINS, JUDGE